IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT      TDCJ-CID #683064 | § § § | |
| V. | § | C.A. NO. C-08-086 |
| CARLOS RODRIGUEZ | § § | |

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Pending is plaintiff's motion for reconsideration from the order and final judgment denying his application to proceed *in forma pauperis,* ("i.f.p."), and dismissing this action with prejudice. (D.E. 7, 8). For the reasons stated herein, plaintiff's motion is granted.

### I.     Background.

Plaintiff is a Texas state prisoner currently incarcerated at the Michael Unit in Tennessee Colony, Texas. He filed this civil rights action on March 19, 2008 (D.E. 1), and sought leave to proceed *in forma pauperis,* ("i.f.p."). (D.E. 2).

On March 20, 2008, the magistrate judge recommended that plaintiff's motion to proceed i.f.p be denied. (D.E. 5). The magistrate judge noted that plaintiff is a three-strikes litigant as that term is defined in 28 U.S.C. § 1915(g), having had at least at least three actions dismissed as frivolous or for failure to state a claim, such that he has lost the privilege of proceeding i.f.p. (D.E. 5 at 1). In addition, the magistrate judge found that plaintiff had failed to allege an exception to the three-strikes bar because he had not shown that he was under imminent danger of serious physical injury. Id. at 2. The magistrate judge recommended that plaintiff's i.f.p. application be denied and that his complaint be dismissed with prejudice for failure to state a claim and as frivolous. Id. at 3.

On April 7, 2008, plaintiff filed an objection to the recommendation, requesting that he be afforded an opportunity to pay the filing fee. (D.E. 6).

On the same date plaintiff's objections were docketed, the Court adopted the recommendation and entered final judgment denying plaintiff's motion to proceed i.f.p. and dismissing plaintiff's case as frivolous and for failure to state a claim. (D.E. 7, 8).

## II. Discussion.

Final judgment was entered on April 7, 2008. (D.E. 7). Plaintiff's motion for reconsideration was filed on September 2, 2008. (D.E. 9). Plaintiff's motion for reconsideration is considered under Rule 60(b) of the Federal Rules of Civil Procedure because it was filed more than ten days after entry of judgment. Texas A & M Research Foundation v. Magna Transp., 338 F.3d 394, 400 (5th Cir. 2003).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for reasons (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

In this case, the magistrate judge erred in not affording plaintiff an opportunity to pay the filing fee to proceed with the action. In cases as this, in which the prisoner has lost the privilege of

proceeding i.f.p., and fails to demonstrate that he is entitled to an imminent harm exception, the general practice of this Court is to dismiss the action *without prejudice*, subject to reinstatement within a set time period, but only if the full filing fee is paid simultaneously with the motion to reinstate. See e.g. Walton v. Thompson, 2007 WL 2086679 (S.D. Tex. Jul 18, 2007) (unpublished). Here, plaintiff was not afforded that opportunity. There were no special circumstances of his complaint that made it particularly egregious or subject to dismissal without an opportunity to reinstate upon payment of the filing fee.

In addition, the magistrate incorrectly dismissed this case as frivolous and for failure to state a claim. In his analysis, the magistrate judge found correctly that plaintiff had failed to allege imminent danger for purposes of proceeding i.f.p.. However, the basis of plaintiff's § 1983 complaint is retaliation and denial of access to the courts. These claims cannot be dismissed with prejudice on the facts before the Court without further inquiry. No § 1915A screening has been done yet. An i.f.p. determination does not equate with a determination on the merits, nor should it. Dismissal with prejudice was not warranted.

**III.    Conclusion.**

Plaintiff's motion for reconsideration (D.E. 9) is GRANTED. Plaintiff's application to proceed i.f.p. (D.E. 2) is denied and the lawsuit is dismissed without prejudice. Plaintiff may move to reinstate his lawsuit **within twenty (20) days from the date of entry of this order**, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate. Plaintiff is advised that, if he does not move to reinstate and pay the filing fee within the time proscribed, no extensions to reinstate will be granted.

The Order Adopting Memorandum and Recommendation to Dismiss (D.E. 7) and Final Judgment (D.E. 8) are Vacated. The Clerk is to send a copy of this order to Betty Parker, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702.

ORDERED this 8th day of September, 2008.

_____
Janis Graham Jack
United States District Judge